Estate of Thomas A. Desmond, Thomas A. Desmond, Jr., Executor. v. Commissioner.
Estate of Desmond v. Commissioner
Docket No. 41804.
United States Tax Court
T.C. Memo 1954-159; 1954 Tax Ct. Memo LEXIS 87; 13 T.C.M. (CCH) 889; T.C.M. (RIA) 54265; September 27, 1954, Filed Mortimer D. Gould, C.P.A., for the petitioner. Donald J. Fortman, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax of $425.62 for the taxable year September 20, 1948 through December 31, 1948. The only question for decision is whether the petitioner is entitled to a deduction from gross income under sections 126(a)(1)(A) and 126(c) of the Internal Revenue Code of 1939[1] by virtue of the inclusion in the gross estate of the decedent, Thomas A. Desmond, (who died September 19, 1948) of the $8,100 accrued but uncollected salary due him which was paid to his estate on October 11, 1948. *89 All of the facts have been stipulated, are so found, and the stipulation is included herein by reference. Petitioner is the estate of Thomas A. Desmond (hereafter called decedent) who died on September 19, 1948. Petitioner's income tax return for the period here involved was filed with the collector of internal revenue for the second district of New York. At the time of his death there was accrued on the books of T. A. Desmond & Co., Inc., salary in the amount of $8,100 due to decedent. This accrued salary was paid to petitioner on October 11, 1948, and was reported in an income tax return for the period September 20, 1948 to December 31, 1948. In this return the following deduction was claimed: Inheritance tax payable by Estate Thomas A. Desmond on this income: $8100 at 30% inheritance tax rate $2430.00 The salary of $8,100 was included in the gross estate of decedent. The gross estate indicated in the estate tax return was $170,949.58. Under the will of decedent his residuary estate with an indicated value of $33,438.31 passed to his surviving spouse. The marital deduction under the provisions of section 812(e) of the Code in the estate tax return filed by petitioner *90 aggregated $33,438.31, computed as follows: Item No. 1
Schedule "A" - Real Estate Proceeds
$ 2,122.25
Item No. 2
Schedule "B" - Stock of J. B. Stetson Co.
1,350.00
Pfd Stock T. A. Desmond & Co. Inc.
50,000.00
Item No. 3
Schedule "C" - Total Cash and Salary due
16,286.08
(Note #1) *
Item No. 4
Schedule "F" - Other Miscellaneous Property
3,191.25
Total of above listed Estate Assets Available
$72,949.58
Item No. 5
Schedule "J"
Funeral and Adm. Expenses
$11,734.07
Item No. 6
Schedule "K"
Debts of Decedent
20,419.12
Total Payable out of above listed assets
$32,153.19
TOTAL
$40,796.39
LESS: (a) Federal Estate Tax Payable out of above
listed property interests
$ 5,935.92
(b) Other death taxes payable out of above
listed property interests (New Jersey)
1,422.16
Total of items (a) and (b)
$ 7,358.08
Net Value of above listed property interests
$33,438.31
(NOTE #1) * Includes $8,100 accrued salary.
It is clear to us that petitioner is entitled to the claimed deduction under the unambiguous language of section 126(a)(1)(A) and 126(c). Petitioner, the estate of decedent, acquired the "right *91 to receive" the $8,100 from the decedent and so was required by section 126(a)(1)(A) to include that amount in petitioner's gross income for the taxable year in which the amount was received. This was done. Having so included the accrued salary in gross income, petitioner argues that it thus becomes entitled to the deduction provided for in section 126(c)(1). We think petitioner is correct, provided, of course that the computation provided for in section 126(c)(2) results in a plus amount. The paucity of stipulated facts (which have been set out in full above) prevents us from making the necessary computation for the parties. Petitioner, on brief, has presented a computation which results in a deduction of $1,629.47, though the deduction claimed on the income tax return in question, according to the stipulated facts, appears to be $2,430. We are unable to ascertain the correctness of petitioner's computation because it is based on figures which cannot be verified from the stipulated facts. The Commissioner presents no alternative computation purporting to accord with section 126(c)(2), but contents himself with an algebraic formula which, he contends, demonstrates that the $8,100, *92 despite the fact it was included in gross estate, did not result in any estate tax attributable to it, because the $8,100 was also an item used in computing the marital deduction under the provisions of section 812(e) in the estate tax return. Stated another way, the Commissioner's argument is that the inclusion of the accrued salary in computing the amount of the marital deduction is tantamount to cancelling out the inclusion of the salary in gross estate and so, no estate tax can be attributable to this item. If that is true, then petitioner is entitled to no deduction. The Commissioner's conclusion, as we see it, is not necessarily true. As pointed out by petitioner, the Commissioner's contention assumes that the salary item was "deducted in full" in arriving at the net estate, because it was employed in computing the marital deduction. This is not necessarily true as a glance at the stipulated computation of the marital deduction shows. The stipulated computation includes the accrued salary in arriving at a total of assets available for the marital deduction equal to $72,949.58. The net marita deduction, however, is $33,438.31. We do not see how this latter amount necessarily *93 includes the $8,100 salary item in full. With the record in its present state we are unable to determine the amount of any deduction to which petitioner may be entitled. If the parties are unable to agree on a computation under Rule 50 it will be necessary to reopen the record for the receipt of additional evidence sufficient for the Court to make its own computation as provided in section 126(c)(2). Decision will be entered under Rule 50. Footnotes
1. SEC. 126. INCOME IN RESPECT OF DECEDENTS. (a) Inclusion in Gross Income. - (1) General Rule. - The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of: (A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent; * * *
(c) Deduction For Estate Tax. - (1) Allowance of Deduction. - A person who includes an amount in gross income under subsection (a) shall be allowed, for the same taxable year, as a deduction an amount which bears the same ratio to the estate tax attributable to the net value for estate tax purposes of all the items described in subsection (a)(1) as the value for estate tax purposes of the items of gross income or portions thereof in respect of which such person included the amount in gross income (or the amount included in gross income, whichever is lower) bears to the value for estate tax purposes of all the items described in subsection (a)(1). (2) Method of Computing Deduction. - For the purposes of paragraph (1): (A) The term "estate tax" means the tax imposed upon the estate of the decedent under section 810 or 860, reduced by the credits against such tax, plus the tax imposed upon the estate of the decedent under section 935, reduced by the credits against such tax. (B) The net value for estate tax purposes of all the items described in subsection (a)(1) shall be the excess of the value for estate tax purposes of all the items described in subsection (a)(1) over the deductions from the gross estate in respect of claims which represent the deductions and credit described in subsection (b). (C) The estate tax attributable to such net value shall be an amount equal to the excess of the estate tax over the estate tax computed without including in the gross estate such net value.↩